IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Gabriel Casiano- Mercado, | CIVIL ACTION |
| Jose Flores -Feliciano, | Case Number:  16-2844 |
| Glenis Berenice Munoz- De Mercedes | |
| Jonathan Casiano -Catalino, | |
| Sicta Liriano, | |
| Josean Sanchez- Correa, | |
| Joel J. Vallejo- Guzman, | |
| Dilia Martinez- Vilorio, | |
| Waner Y. Robles- Martinez , | |
| Teofilo Sanchez -Vazquez, | |
| Cirilo Capellan, | |
| Rafael Jose Borrel- Pimentel, | |
| Domingo Rafael Gonzalez- Diaz, | |
| Ramona Antonia Munoz, | |
| Fermin Hernandez | |
| Maria Magdalena Gonzalez -Meregildo, | |
| Rafael Basabe- Logrono, | |
| Mayrelis Del Carmen Castro -Gonzalez, | |
| Fiordaliza Hernandez- De Leon, | |
| Robert Eugenio Mejias- Felix | |
| Candido Espinal- Nunez | |
| Hilaria Pastor | |
| Marina Matos- Martinez | |
| Crucita Rodriguez- Garcia | |
| **Plaintiffs** | |

v.

**America Cruise Ferries, Inc.,**

**also known as**

**America Cruise Ferries, Corp.**

**John Doe, Jane Doe,**

**Conjugal Partnership of John Doe and Jane Doe**

**Corporations A - Z,**

**Insurance Companies A- Z**

**Defendants**

## AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

    **NOW come the Plaintiffs,** through the undersigned attorneys and respectfully allege and pray as follows:

### I. INTRODUCTION

    **1.**  This is a federal question action filed by plaintiffs, to redress their injuries suffered due to the intentional and/or negligent acts committed by defendants individually, and/or jointly, and/or in a manner which makes them individually and/or jointly liable, related to a chain of intentional and/or negligent acts which resulted in the damages claimed and suffered since on or about August 16 and 17, 2016.

### II. JURISDICTION AND VENUE

    **2.**  This United States District Court for the District of Puerto Rico has admiralty and maritime jurisdiction to understand and resolve the claims brought herein, within the meaning of Admiralty and Maritime Jurisdiction, pursuant to Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333.

    **3.**  Venue in this United States District Court for the District of Puerto Rico is proper with respects to the instant civil action pursuant to 28 U.S.C. § 1391 (b) because the occurrence from which it arises took place on the navigable waters of the United States, in connection with traditional maritime activity which was the ferrying of passengers from the Dominican

Republic to Puerto Rico on board of a vessel the property or responsibility of defendants, and/or defendants are subject and consented to be sued in this United States District Court for the District of Puerto Rico, based on applicable Admiralty and Maritime Law.

### III.  REQUEST FOR JURY TRIAL

**4.**  As of right, Plaintiffs request that the instant civil action be tried by a properly constituted Jury in this United States District Court for the District of Puerto.

### IV.  PARTIES

**5.  PlAINTIFFS**

a.   **Gabriel Casiano -Mercado**, of legal age, Sector Valle Hill 10, Marangely San Isidro St. Canovanas, P.R. 00729.

b.  **Jose Flores- Feliciano**, of legal age, Senior Passenger, traveling on board the Ferry since on or about August 16th, 2016, through a round trip reservation, address at Urb. MonteFiori #16 Maga, Caguas, Puerto Rico 00726.

c.  **Glenis Berenice Munoz- De Mercedes**, of legal age, born on the 26th of November, 1965, Dominican National, with address at Urb. Monte Fiori #16 Maga, Caguas, Puerto Rico 00726.

d.  **Jonathan Casiano**, of legal age,  Sector Valle Hill 10, Marangely San Isidro St. Canovanas, P.R. 00729.

e.  **Sicta Liriano**, of legal age, Sector Valle Hill 10, Marangely San Isidro St. Canovanas, P.R. 00729.

f.  **Josean Sanchez -Correa,** PMB 284 PO Box 4960 Caguas, PR 00726,

g.   **Joel J. Vallejo- Guzman**, of legal age, married, Calle William 424 Santurce, San Juan, PR 00915,

h. **Dilia Martinez -Vilorio**, of legal age, married,  Calle William 424 Santurce, San Juan, PR 00915,

i. **Waner Y. Robles -Martinez,** minor, resident at Calle William 424 San Juan PR 00915, son of plaintiff Dilia Martinez Vilorio.

j.  **Teofilo Sanchez- Vazquez,** of legal age, Calle 5 Casa 655 Barrio Obrero, Santurce, PR 00915.

k.  **Cirilo Capellan**, of legal age, with address:  PO Box 932, Camuy, PR 00627.

l.  **Rafael Jose Borrel -Pimentel**, of legal age, Calle Andalucia D97 Vista Mar, Carolina, PR 00983.

m.  **Domingo Rafael Gonzalez- Diaz** , Edif. 1 Apt. 5 Residencial Sabana Bajo Carolina PR 00983.

n.  **Ramona Antonia Munoz,** of legal age, with Passport from the Dominican Republic 3841972, and address Calle 10 #12 Villa Aura, Santo Domingo Oeste De Herrera, Republica Dominicana.

o.  **Fermin Hernandez**, of legal age, resident at Calle Privada #8 De los Frailes 2do, Las Americas Ave. Santo Domingo, Republica Dominana,

p.  **Maria Magdalena Gonzalez -Meregildo**, of legal age, married to Rafael Basabe Logrono, with address:  2497 Paseo Azucena Levittown PR 00949.

q.  **Rafael Basabe- Logrono,** of legal age, married to Maria Magdalena Gonzalez Meregildo, with address:  2497 Paseo Azucena Levittown PR 00949.

r.  **Mayrelis Del Castro- Gonzalez**, minor, daughter of Maria Magdalena Gonzalez Meregildo, and stepdaughter of Rafael Basabe Logrono, both plaintiffs in the instant case, with address in 2497 Paseo Azucena Levittown PR 00949.

s.  **Fiordaliza Hernandez,** of legal age, Calle Privada #8 De los Frailes 2do Las Americas Ave. Sto Domingo, Dominican Republic.

t.  **Robert Eugenio Mejias -Felix,** of legal age, Amauri German Aristi #18 Manzana 4731 , Casas Individuales de Invivienda, Santo Domingo , Rep. Dominicana.

**u. Candido Espinal -Nunez,** of legal age, with address at 5 Street, #655 Barrio Obrero, Santurce, PR 00915.

**v. Hilaria Pastor,**  of legal age, Jardines de Caparra, Calle Marginal 2, T-16, Bayamon, PR 00959.

w**. Marina Matos- Martinez**

**x. Crucita Rodriguez- Garcia**, of legal age, married, with address PO Box 932, Camuy, PR 00627.

**6. Defendant/s:**

**a. America Cruise Ferries, Inc**. (hereinafter referred to as "ACF"), also known as America Cruise Ferries, Corp. is a corporation duly registered and authorized to do business in this district, with operating business address at Cobian's Plaza Ave. Ponce De Leon Parada #GM 05, San Juan, Puerto Rico. America Cruise Ferries, Inc. is the entity which identifies itself in Puerto Rico, as the one responsible for securing, issuing and administering the Ferry known as "Caribbean Fantasy", and with which passengers of the Ferry known as "Caribbean Fantasy" are in contact when purchasing tickets, making reservations, or conducting likewise business related to the aforementioned ferry.

**b. John Doe is a person, at present unknown,** who could be responsible jointly, solely, and/or severally as to the damages claimed by plaintiffs in this complaint.

**c. Jane Doe  is a person, at present unknown,** who could be responsible jointly, solely, and/or severally as to the damages claimed by plaintiffs in this complaint.

d. **Conjugal Partnership of John Doe and Jane Doe** is an entity with independent legal existence who could be responsible jointly, solely, and/or severally as to the damages claimed by plaintiffs in this complaint.

**e. CORPORATIONS A - Z** (A through Z), are potential entities which could be responsible jointly, solely, and/or severally as to the damages claimed by plaintiffs in this complaint.

f. **INSURANCE COMPANIES A-Z** ( A through Z) are potential insurers who could be responsible as they could have insurance policies in place that cover the damages claimed by the plaintiffs in this complaint and would be responsible for indemnifying plaintiffs in this complaint.

## V.  STATEMENT OF CLAIM

**6.**  At all relevant times to this action, ACF managed the vessel known as the ferry, known as "Caribbean Fantasy", known as " M/V Caribbean Fantasy".

**7.**  At all relevant times to this action, ACF operated the vessel known as M/V Caribbean Fantasy.

8**.**  At all relevant times to this action, ACF would lease the vessel known as M/V Caribbean Fantasy.

9.  At all relevant times ACF and or Defendants A through Z owned the vessel known as M/V Caribbean Fantasy.

10.  At all relevant times to this action, ACF and/or defendants A through Z would provide maintenance to the vessel known as M/V Caribbean Fantasy.

a.  Part of defendant/s' negligence occurred by way of acts and/or omissions in the inadequacy of maintenance given to the ferry within the territory and district of Puerto Rico, prior to the trip of August 16-17, 2016.

b.  Part of defendant/s' negligence occurred by way of acts and /or omissions in the inadequacy of inspections within the territory of Puerto Rico and district of Puerto Rico.

c.  Section 1802 of the Puerto Rico Civil Code applies in the instant action seeking compensation for damages suffered in territorial waters in a manner consistent with maritime laws and policies.

d.  Defendant/s failed to comply with the adequate observation of the standard of care, making the ferry unseaworthy for the trip of August 16-17, 2016, as to its crewmembers.

e.  As to non-crewmembers, defendant/s negligently created a danger zone for the passengers in the ferry, and/or failed to observe a reasonable duty of care  for the passengers who were legally on board of the ferry on the relevant times in the instant case.

11.  At all relevant times, Plaintiffs were passengers and patrons of the ferry.

a.  At all relevant times, Plaintiffs were legally on board of the Ferry.

b.  At all relevant times, Plaintiffs were not, and are not, "seamen" within the meaning of the Jones Act, 46 U.S.C. § 30104,

12.  Since on or about August 16th, 2016, the ferry which is the vessel known as M/V Caribbean Fantasy ("the ferry") was carrying approximately 512 passengers, including crewmembers.

a.  Since on or about August 16th, 2016, Plaintiffs inside the ferry's cabins had trouble breathing inside the vessel for lack of adequate air circulation.

b.  At all relevant times, plaintiffs felt the extreme discomfort of not being able to breathe normally due to lack of air circulation in the common areas of the ferry.

13.   Prior to departing from the Dominican Republic towards Puerto Rico, Plaintiffs alerted the ferry's crewmembers upon coming onboard that the air conditioner in the ferry was not working, and crewmembers responded that they knew of the electric problem and instructed them to wait and remain on board.

14.   At all relevant times, defendant/s knew and/or should have known that the ferry was not reasonably cared for, and represented a danger zone for those on board, amongst other reasons, for inadequacy of maintenance, needed repairs, among other malfunctioning equipment, but they did not advise or forewarn the passengers of the vessel's improper conditions.

15.   On August 17th, 2016, in the morning, Plaintiffs were eager and expecting to safely reach Puerto Rico's shore, when the angst and desperation invaded them as they began to notice that the ferry was in flames.

16.   Already when the ferry was in United States navigable waters, near the coast of Puerto Rico approaching the port of San Juan, Plaintiffs saw that the Ferry was burning around 7am, on August 17, 2016, and their trouble breathing exacerbated with the heavy smoke.

17.   The news media captured some images of the incident, including the one below:



18.  Plaintiffs could not avoid inhaling smoke from the fire, and immediately felt the toxic effects in their lungs, and entire bodies.

19.  Plaintiffs were in panic, as they realized that the heavy smoke allowed minimal visibility and felt the ferry started to sink.

20.  Plaintiffs felt desperate, anxious and fearful as people onboard were screaming, hysterical, and some passengers jumped overboard to the ocean.

21.  Crewmembers indicated that the first ones that could board the life rafts were minors, mothers and elders.

22.  Life rafts got stuck and would not operate properly, leading to bodily injuries, more anxiety and panic suffered by Plaintiffs.

23.  Plaintiffs had to wait for hours to see if there was a life raft available for them to seek safe harbor.

24.  Life rafts would get stuck on their descend from the Ferry to the ocean, hitting the Ferry, and causing more bodily injuries to the Plaintiffs as passengers.

25.  Plaintiffs were placed in immediate risk of physical harm, and indeed suffered physical harm as a result of defendant/s' negligent conduct.

a.  Plaintiffs sustained physical impact as a result of defendant/s' negligent conduct.

b.  Due to the facts narrated in this complaint, Plaintiffs sustained emotional distress which was negligently inflicted by defendant/s.

26.  Plaintiffs continued to be in panic as the fear spread amongst them, they thought that they would lose their lives under these circumstances.

27.  The Ferry was built in 1989 in Japan, and it is defendant/s' property, and/or place of business.

a.  The Ferry's flag is from Panama.

b.  During the relevant times to this action, defendant/s would use the Ferry to conduct commercial business ordinarily carrying passengers between the Dominican Republic and Puerto Rico.

28.  With respects to the ferry, between 2011 and 2015, the U.S. Coast Guard found at least 107 security deficiencies, from which forty-four (44) were related to the fire extinguishing

or fire containment systems, and/or other fire hazard related mechanisms/systems/objects in the vessel.

29.  Some of those deficiencies included the incorrect operation of the fire screen doors, which usually were not able to be closed and/or were reported as open when they were closed.

a.  Defendant/s knew and/or should have known of the deficiencies found by the U.S. Coast Guard between 2011 and 2015.

b.  Defendant/s did not take adequate remedial steps to ensure the vessel was seaworthy on August 16-17, 2016.

30.  Defendants maintained an unsafe place for plaintiffs and exposed them to danger while they knew or should have known that the Ferry had serious engine, electricity and/or propulsion malfunctions which caused the fire in the instant case, prior to departure and/or the moment when the ferry began the relevant travesty.

31.  Defendants maintained an unsafe place for plaintiffs and exposed them to danger while ferrying passengers with the life rafts, mechanical and technical malfunctions in their operation, while they knew about them or should have known about them.

32.  Defendants' crewmembers did not act in a concerted adequate fashion in their management of the emergency, convincing the passengers that they had no adequate training or protocols in place to deal with the crisis.

33.  The ferry was an unseaworthy vessel at the relevant time of the instant action.

34.  The ferry was unseaworthy and defendants knew or should have known it.

35.  The ferry was a danger zone for plaintiffs as passengers in the relevant times to this complaint, and defendant/s knew and/or should have known it.

36.  Plaintiffs injuries and damages were the proximate result of the danger zone, and/or defendants' breach of their duty of reasonable care to provide a safe condition for them in the ferry which was managed, operated, controlled and/or used as open business by defendants.

37.  Defendant/s knew or should have known of the ferry's unseaworthy condition/s at the relevant times.

38.  Defendant/s did not warn or advise the plaintiffs of the ferry's dangerous condition/s when they were coming on board.

39.  By not providing the ferry, as a passenger vessel with equipment reasonably fit for its intended use, defendant/s failed to comply with admiralty law and general maritime law and breached its standard of care due to passengers who are the plaintiffs in the instant case.

40.  At the relevant times, for the relevant trip, defendant/s failed to keep the vessel and its appurtenances, appliances, equipment and crew reasonably fit for its intended use.

41.  Under the circumstances of the instant case, defendant/s foresaw or should have foreseen that plaintiffs as passengers would suffer damages as claimed in this complaint.

## VI.  DAMAGES

42.  The narrative above constitutes common factual and legal allegations for all plaintiffs and are restated and re-alleged by reference herein.  In addition, individually, each plaintiff asserts additional damages as follows:

a.  **Gabriel Casiano-Mercado,** Sector Valle Hill 10, Marangely San Isidro St. Canovanas, P.R. 00729.  Gabriel Casiano Mercado, born 3/24/1956, American citizen, suffered a fracture in his right leg, burns, his health condition deteriorated to the point that his blood sugar levels raised and he has yet to become insulin balanced again.  His blood pressure was raised due to the panic and severe distress suffered in the Ferry, he is not able to sleep due to the anxiety that he still feels after going through the trauma of the fire in the Ferry.  This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  His loss and damages are estimated at **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000)** at this juncture.

b.  **Jose Flores-Feliciano**, Senior Passenger, traveling on board the Ferry since on or about August 16th, 2016, through a round trip reservation, address at Urb. MonteFiori #16 Maga, Caguas, Puerto Rico 00726.  Jose Flores Feliciano [...] This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

c**. Glenis Berenice Munoz-De Mercedes**, born on the 26th of November, 1965, Dominican National, Passport number SP 0154722, with address at Urb. Monte Fiori #16 Maga, Caguas, Puerto Rico 00726,  was on board of the concerning Ferry since on or about August 16th, 2016, through a round trip reservation.  Glenis Berenice Munoz De Mercedes suffered material loss as her luggage got completely damaged, bodily injuries and psychological damages as a consequence of the acts and/or omissions on the part of the defendants, which caused the fire and foreseeable accident which took place at the Ferry on August 17th, 2016.

Glenis Berenice Munoz De Mercedes suffered lesions and a severe head ache due to the impact received when a raft paddle which was misplaced by the defendants hit her head, when she was still on board the Ferry,  requiring hospital attention as of August 20th, 2016, at the Menonita Hospital in Caguas, Puerto Rico.  At the Hospital, the Physician observed her head trauma and ordered that she take pain medication including Toradol, Ketorolac Tromethamine , Decadron and Dexamethasone.  Glenis Berenice Munoz De Mercedes had to submit herself to a Brain CT Scan without I.V. Contrast, and incurred in medical expenses.  Glenis Berenice's head trauma and head ache still bother her today.  This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  Her loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

      d. **Jonathan Casiano-Catalino**, of legal age, 6507 Cristal Brooke Drive , Kissimmee, Florida.  Jonathan Casiano Catalino was traveling on a cabin on board at the ferry on the relevant dates.  Due to defendants' acts and/or omissions as described in this complaint, he suffered from smoke intoxication, he could not breath adequately for lack of air circulation.  He has severe post-traumatic anxiety as a consequence of the incident described in this complaint. His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

      e. **Sicta Liriano**,  Sector Valle Hill 10, Marangely San Isidro St. Canovanas, P.R. 00729. This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  She had body trauma which led her to seek emergency medical attention as a consequence of the incident reported in this complaint.  She had severe pain in her left knee, and was ordered physical therapy.  She is not able to walk with ease.  Due to her extreme anxiety and post-traumatic stress, she is required to take medication.  She was transporting her motor vehicle Toyota Sequoia 2002 was damaged.  Her loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

      f. **Josean Sanchez-Correa**, PMB 284 PO Box 4960 Caguas, PR 00726,  Urb. Praderas, Calle Citrino E-1, Gurabo, PR 00778, American Citizen, who is a medicine student at the Dominican Republic.  Josean Sanchez Correa came to Puerto Rico during time off from school. Josean Sanchez Correa did not reserve a cabin on board and spent the voyage from the Dominican Republic to Puerto Rico on a common seating area, as many other passengers.

      Josean Sanchez Correa fainted and was unconscious for a time while he lacked oxygen and was intoxicated by the heavy smoke.  He suffered burns in various areas of the body, on his back, he was burnt with abrasions suffered while coming down through an escape duct.  He required respiratory therapy due to the smoke and toxicity in his lungs and respiratory tract system.  He was taken to the hospital in an ambulance on August 17th, 2016 at 7:40PM to the

Emergency Room at Professional Medical Center Praderas Shopping Center Barrio Navarro Gurabo Puerto Rico, and later to another hospital, at Grupo HIMA San Pablo.  Josean Sanchez Correa lost all of the money that he had for the current school year and has yet to recover the funds necessary to continue with medicine school.  Josean Sanchez Correa had to spend his tuition budget for the upcoming school year registration and fees in order to cover the medical expenses to treat his bodily injuries and in order to recover the items that he lost in the ferry, including but not limited to all of his clothes, shoes, books, and other personal items.  Upon arrival at Puerto Rico, his luggage was not handed to him, and he needed to purchase new items while the ferry's delay in returning his luggage transpired.  However, his luggage was later returned to him on September 5th, 2016, however in such deplorable conditions that his personal items were not actually recovered.  This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.

His loss and damages including loss of opportunity to continue with his previously planned medicine schooling are estimated at **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000)** at this juncture.

g.  **Joel J. Vallejo-Guzman**, of legal age, resident at Calle William 424 Santurce, San Juan, PR 00915.   Joel J. Vallejo Guzman was on board the ferry since August 16th, 2016, traveling along with his wife, Dilia Martinez Vilorio and his step son Waner Y. Robles Martinez, having reserved a four-bed cabin.  They were returning from their vacation.  Joel J. Vallejo Guzman suffered as passenger of the ferry with smoke intoxication, lung irritation, skin burns and abrasions, having to seek medical attention.  He suffered traumas on various parts of the body, including the neck and back.   Joel J. Vallejo Guzman suffered great distress at the time of the event described in the instant complaint due to having witnessed his wife and step child suffer and seemingly barely survive the incident. He could not go to work for two weeks after the fire, and continues to suffer from psychological trauma.  He has post-traumatic anxiety.  The bodily injuries suffered by Joel J. Vallejo Guzman included asthma attacks, lung irritation, which required hospital attention.   In addition, Joel J. Vallejo Guzman paid the defendants to carry his motor vehicle 2003 SUV Nissan Murano, in the ferry.   Joel J. Vallejo Guzman's motor vehicle was not timely delivered to him, and when in fact the defendants finally delivered his vehicle, it was widely damaged at the front glass, inner-dashboard, the four tires and outer paint.  His lack of transportation for the time of the defendants' delay in returning his vehicle to him, caused him to incur in further **unanticipated costs, all** for which he claims compensation for loss and damages at this juncture of no less than **One Hundred and Fifty Thousand ($150,000.00)**

    **h.  Dilia Martinez-Vilorio**, of legal age, married, of legal age, resident at Calle William 424 Santurce, San Juan, PR 00915.   Dilia Martinez Vilorio who was on board with her husband and ten year old son.  She suffered great distress at the time of the event described in the instant complaint due to having witnessed her husband and ten-year old child suffer in panic, screaming and crying, and seemingly barely survive the incident at the time.  She suffered from hard bumps at the ferry, causing multiple traumas on her body, suffered great pain, bruises and in addition, she has developed panic attacks as a consequence of this incident.  She has since lost significant weight, continues to feel neck pain and can no longer sleep well due to this incident.  In addition, she lost her personal belongings on board.  Her loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

    **i.  Waner Y. Robles-Martinez**, is a minor, resident at Calle William 424 Santurce, San Juan, PR 00915.   Waner Y. Robles Martinez who was ten years old at the time of the incident reported in this complaint which took place at the ferry.  He was traveling along with his step father and mother.  During the incident, Waner Y. Robles Martinez suffered bodily injuries, developed a severe head ache.  Due to the incident reported which took place at the ferry, Waner Y. Robles Martinez also had an injury at the right hand, which required hospital attention at the San Jorge Children's Hospital.  Waner could not attend school after the incident, and lost appetite and has not been able to peacefully rest ever since.  He has great post-traumatic effects and anxiety.  His academic work has been affected as he lacks concentration.  His personal belongings were also lost in this incident.  His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

    **j.  Teofilo Sanchez-Vazquez,** business man of legal age, resident at Calle 5 Casa 655 Barrio Obrero , Santurce, PR 00915.  On the relevant dates, Mr. Teofilo Sanchez Vazquez was traveling for business purposes.   Mr. Teofilo Sanchez Vazquez had a cabin reserved at the ferry on the relevant dates.  He could not breath with ease due to lack of air circulation at the cabin on the relevant dates.  He suffered bodily injuries, causing him great pain, particularly in his left leg, and suffered entire body pain which he still feels, as well as stress and anxiety at the time of the incident.  Ever since, and because of the incident, he has not been able to peacefully sleep or rest.  He has needed psychological therapy with Dr. Lizbeth Gonzalez Viera to manage the post-traumatic anxiety caused to him by the defendants.   He was extremely scared and traumatized at the time of the incident, which caused him high blood pressure, which has yet to stabilize.  Teofilo Sanchez Vazquez has required medical attention at Centro Clinico Loiza, Loiza St. #1854 Santurce, Puerto Rico.  In addition, Teofilo Sanchez Vazquez lost his luggage, and six tires which he was transporting on board.  His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

**k.  Cirilo Capellan ,** of legal age, Passport SC8092113 with local contact address:  PO Box 932, Camuy, PR 00627.  This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  Cirilo was traveling along with his wife Crucita on board of the ferry on the dates of the incident described herein.  He suffered grave distress and anxiety seeing his wife and himself undergoing the emergency which made everyone on board panic. His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

**l.  Rafael Jose Borrel-Pimentel**, of legal age, Calle Andalucia D97 Vista Mar, Carolina, PR 00983, as a consequence of the incident described herein in the ferry got his left ankle dislocated which required a cast.  Mr. Rafael Jose Borrel Pimentel was traveling on board with a reserved cabin on the relevant dates.  He could not breath adequately due to lack of adequate air circulation.  He suffered multiple body injuries as a consequence of defendants' acts and/or omissions as described in this complaint.  His bodily injuries at the ferry caused him great and severe back pain, which continues, as well as great anxiety and distress. Rafael Jose Borrel Pimentel has ever since suffered from insomnia and post-traumatic anxiety.  His loss and damages are estimated at **TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000)** at this juncture.

**m.  Domingo Rafael Gonzalez-Diaz**, of legal age, resident of Residencial Sabana Bajo Edif. 1 Apt. 5 Carolina, PR 00983.  Domingo Rafael Gonzalez had a cabin reserved on board of the ferry, on the relevant dates, where he had bodily injuries and traumas due to the defendants' acts and/or omissions as described in this complaint.  Mr. Domingo Rafael Gonzalez Diaz was traveling for business purposes.  Due to the damages suffered as described in the complaint,  Mr. Domingo Rafael Gonzalez Diaz had to go to the medical doctor and was referred to a physiatrist for further attention and treatment.  He has severe post-traumatic anxiety.  He lost his personal belongings, including a motor vehicle Ford Econoline 2002, which was damaged and also, he lost three pieces of luggage.  His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

**n.  Ramona Antonia Munoz,** of legal age, with Passport from the Dominican Republic 3841972, and address Calle 10 #12 Villa Aura, Santo Domingo Oeste De Herrera, Republica Dominicana.  On the relevant dates, Ramona Antonia Munoz was coming for vacation from the Dominican Republic to Puerto Rico, in order to visit some friends.  On the relevant dates, at the ferry, she was traveling on a seat on board, where she received multiple body traumas, and suffered extreme pain on the arms, back, neck and knees.  She has had to receive medical attention at Servicio Nacional de Salud Las Caobas Municipal Hospital at the Dominican Republic due to her body traumas at the ferry.   She has severe post-traumatic anxiety and lost her personal belongings on board including a load of vanilla, coffee, milk, gifts, books,

medications, and other items. Her  loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

     **o. Fermin Hernandez**, of legal age, with  Passport number RD 4092528, with address Calle Privada #8 De los Frailes 2do Las Americas Ave. Sto Domingo, Rep. Dominicana, was on board on the ferry during the incident herein described.  He suffered from the heavy smoke at the ferry, which caused him eye irritation and difficulty in breathing, he also suffered bodily injury causing him back pain, and pain on the right leg.  His body trauma led him to seek medical attention at the San Juan Municipal Hospital on the 22nd of August, 2016.  Upon his physical exam, that day, it was determined that he had high blood pressure, which was caused by having gone through the traumatic experience on the 17th of August, 2016.  Fermin Hernandez lost his luggage for two weeks until the defendants returned it with losses, which he is claiming in compensation in this suit. This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  In addition, his loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000),** which he asks in compensation at this juncture.

     p. **Maria Magdalena Gonzalez-Meregildo**, of legal age, address at 2497 Paseo Azucena Levittown PR 00949, she had to go to the hospital to seek emergency attention, for the traumas that she received during the ferry incident described herein.  Her anxiety and post-traumatic stress resulting from the incident described herein has created appetite loss and gastritis, which has led her to lose much weight.  She has nervous attacks from re-stimulation and flash backs from the incident and she often has nightmares with water and feels a sense of drowning, which does not allow her to sleep well.  She describes herself as not being the same as before.  She continues to suffer from body pain and back pain.  She lost her luggage and that of her family, which led her to incur in unanticipated expenses to replace clothes, food, shoes and other personal items, for the two weeks delay which defendants took to return the luggage. However, the luggage was returned with damage in its contents and outer shell.  Maria Magdalena Gonzalez Meregildo suffered great stress and anxiety by watching her family suffer and go through this disaster at the ferry.  Her psychological trauma resulting from the traumatic experience endured at the ferry has led her to seek psychological support from a doctor.  Her loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000),** which she asks in compensation at this juncture.

     q. **Rafael Basabe-Logrono**, of legal age, married  to Maria Magdalena Gonzalez Meregildo, address at 2497 Paseo Azucena Levittown PR 00949, got on board of the ferry with his family with a reserved cabin.  Upon getting on board, Mr. Rafael Basabe Logrono had mobility, although he had difficulty walking for which he was using a wheelchair at the time of departure.  When the incident described herein occurred, he was harshly pushed towards the

stairways by the crewmembers of the ferry, and his legs got twisted, his spine and rest of the body got severe lesions and he has not been able to re-attain mobility since.  His back aches constantly since then, and he no longer walks.  He suffers from insomnia, post-traumatic anxiety and disorientation as a consequence of the incident described in the complaint.  For his bodily injuries, he has needed medical attention, including hospitalization at the Veterans Hospital of Puerto Rico.  His psychological trauma resulting from the traumatic experience endured at the ferry has led him to seek psychological support from a doctor.  His loss and damages are estimated at  **THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000),** which he asks in compensation at this juncture.

 **r.   Mayrelis Del Carmen Castro-González** is a minor, the daughter of Maria Magdalena Gonzalez Meregildo, born May 2nd, 1998, Dominican national, passport number SC697 6118, address at 2497 Paseo Azucena Levittown PR 00949, was on board the Ferry on the relevant dates, with a reserved cabin with her family.  Mayrelis Del Carmen Castro Gonzalez suffered bodily injuries, severe head ache and nausea with extreme dizziness which led her to vomit repeatedly throughout the crisis.  She felt intense panic and continues to feel distress and post-traumatic anxiety which persists today and for which she has sought psychological attention and counseling.   Her loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000),** which she asks in compensation at this juncture.

 s. **Fiordaliza Hernandez-De Leon**, of legal age, daughter of Fermin  Hernandez, with address at Calle Privada #8 De los Frailes 2do Las Americas Ave. Sto Domingo, Rep. Dominicana, was on board of the ferry on August 16th and 17th, 2016 when the incident described herein This plaintiff has severe post-traumatic anxiety as a consequence of the incident described in this complaint.  She had respiratory problems as a consequence of the heavy smoke resulting from the fire at the ferry Ashford Presbyterian Community Hospital in Condado, Puerto Rico.

Her  loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

 t. **Robert Eugenio Mejias-Felix,** of legal age, with Passport Number SE 3293270, married to Yudelkiz Rodriguez Navarro, with address Amauri German Aristi #18 Manzana 4731 , Casas Individuales de Invivienda, Santo Domingo , Rep. Dominicana.  Robert Eugenio Mejias Felix was on board the ferry with a reserved cabin on August 16th and 17th of 2016, due to his bodily injuries and traumas, he was taken unconscious to the hospital.  He had full-body pain, high blood pressure, severe head ache, and neck pain.  He received medical attention at Hoare Hospital. He expresses that he has extreme difficulty to fall asleep.  He suffers post-traumatic anxiety and feels deep depression as a result of the incident described herein.  His

loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

u. **Candido Espinal-Nunez,** American citizen, of legal age, married, retired, with address Calle 5 casa 655, Barrio Obrero, Santurce, PR 00915.  He was on board on a seat of the ferry on August 16th and 17th, 2016, receiving full-body trauma during the incident described herein.  He went to the hospital for needed medical treatment, including at the CDT Belaval Borinquen Ave. 2018 Barrio Obrero San Juan, Puerto Rico.  He had high blood pressure as a consequence of the incident, also suffers from post-traumatic anxiety.  He inhaled much heavy smoke and received pulmonary damage due to the incident described herein.  He has had to receive psychological treatment after the incident due to the damages herein described.  His loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** at this juncture.

v. **Hilaria Pastor,**  of legal age, Jardines de Caparra, Calle Marginal 2, T-16, Bayamon, PR 00959.  She was on a seat onboard the ferry on August 16 and 17 of 2016, for which she inhaled heavy smoke and suffered from respiratory difficulty and further trauma.  Received multiple bodily trauma, and felt severe pain due to the incident described herein.  Her  loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** which she claims as compensation at this juncture.

w. **Marina Matos-Martinez**, of legal age, resident at Calle 31 A-T -51, Urb. Rexville, Bayamon PR 00957.  Ms. Marina Matos Martinez was at the ferry on the relevant dates on a seat on board.  She was returning from a vacation to Puerto Rico.  On board, Ms. Marina received injuries and suffered anxiety and panic caused by defendants as described in the facts alleged in this complaint.  Due to the injuries and panic suffered on board of the ferry on August 16-17, 2016, Marina Matos Martinez had high blood pressure, suffered cardiac complications, full-body pain, post-traumatic anxiety.  Her  loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** which she claims as compensation at this juncture.

x. **Crucita Rodriguez-Garcia**, of legal age, married, with local contact address PO Box 932, Camuy, PR 00627.  Crucita Rodriguez Garcia was traveling along with her husband Cirilo on the ferry on August 16-17, 2016, expecting to reach Puerto Rico and enjoy their vacation.  She suffered great anxiety and extreme distress by seeing herself and her husband in such peril when the ferry was on fire.  Crucita Rodriguez Garcia suffered multiple body traumas, with intense pain on the right knee, and shoulder.  She had multiple bruises on her body, and suffered severe distress and anxiety.  Crucita Rodriguez Garcia continues to feel post-traumatic anxiety and emotional fear.  Her  loss and damages are estimated at **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000)** which she claims as compensation at this juncture.

**RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court enters judgment in their favor, finding that defendants are liable and that compensation is due to plaintiffs under section 1802 of the Puerto Rico Civil Code, as well as general maritime law, admiralty law and international law applicable to the facts in the instant case.

General maritime law provides that it is the master's duty to keep his vessel constantly in the highest state of readiness and trim. The shipowner has an obligation to provide a competent and skillful master of sound judgment. If the carrier issuing the ticket is different from the shipowner, the carrier also faces liability. The contract of carriage imposes a duty on a carrier to transport passengers safely and to exercise reasonable care under the circumstances of each case.

Plaintiffs pray that the Court grants their petition for redress from defendants, awarding them the total  Four million three hundred fifty thousand dollars ( $4,350,000)  in compensation payable to each plaintiff according to the individual sums claimed herein, in addition to applicable interests, including prejudgment interests, reasonable attorneys' fees, litigation expenses, and the costs of this action, as well as any other relief this Honorable Court deems appropriate.  It is also requested that this Honorable Court retains jurisdiction over this action and to exercise jurisdiction to assure full compliance with any decree issued by this Court and/or any agreement reached by the parties to this action as a way to dispose of the merits of this case.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 18th day of October, 2016.


S/Mariela Maestre-Cordero

USDC PR Bar No. 220302

P.O. Box 11405 San Juan PR 00922

Tel. 787-518-0331
Fax 787-200-5951

E-mail:  maestrecordero@hotmail.com


S/Ineabelle Sola-Albino

USDC PR Bar No. 222014

P.O. Box 367991 San Juan PR 00936

787-661-8484

ineabelle@hotmail.com